UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00071-GNS-CHL

TROY LEWIS                                                                                                    PLAINTIFF

v.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 27). This matter is ripe for adjudication. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

In 2016, Plaintiff Troy Lewis ("Lewis") was a pretrial detainee housed at the Community Corrections Center ("CCC") facility operated by Defendant Louisville Metro Department of Corrections, ("LMDC"). (Compl. ¶¶ 3, 36, DN 1-1). LDMC is a department of Defendant Louisville/Jefferson County Metro Government ("Louisville Metro"). Lewis alleges that another inmate, Defendant Kenneth McBride ("McBride"), was at CCC during the same time period and "routinely bullied other individuals housed within [the facility] . . . ." (Compl. ¶ 38). According to Lewis, there was minimal supervision at that facility, and "McBride would routinely masturbate in other people's rack(s), turn the television off, etc. . . . ." (Compl. ¶¶ 39-40).

On or about December 26, 2016, McBride allegedly directed another inmate to perform oral sex on him in Lewis' presence. (Compl. ¶ 41). When Lewis tried to leave the area, there

1

allegedly was a verbal exchange between Lewis and McBride, and McBride attacked Lewis. (Compl. ¶ 42). Corrections officers intervened and put Lewis and McBride in separate rooms. (Compl. ¶ 44). While in one of those rooms, McBride allegedly yelled threats of harm towards Lewis and his family, and then McBride later told Lewis that he "would be 'touched in jail' in every cell he was placed . . . ." (Compl. ¶ 46). As a result of that incident, both McBride and Lewis were transferred to Metro Corrections Jail Complex ("MCJC"), which is another LMDC facility, and a "keep-from" order was put in place to prohibit any further contact between them in accordance with LMDC policies. (Compl. ¶¶ 47-48). Despite that order, Lewis alleges that McBride continued to make threats. (Compl. ¶ 49).

Following breakfast on the morning of December 31, 2016, a corrections officer allegedly took Lewis to the fourth floor of the MCJC and placed Lewis in a cell with about 30 other inmates. (Compl. ¶ 50). McBride and at least four other inmates allegedly attacked Lewis in that cell, and Lewis' efforts to summon assistance from corrections officers was unsuccessful. (Compl. ¶¶ 51-53). During the attacked, Lewis lost consciousness. (Compl. ¶ 55). Lewis also alleges that other inmates affiliated with McBride attacked Lewis on subsequent occasions. (Compl. ¶ 55).

On December 26, 2017, Lewis filed a lawsuit in Jefferson Circuit Court (Kentucky) against Louisville Metro, LDMC, various named corrections officers employed by LDMC (sued in their individual capacities), McBride, and four unknown inmates. (Compl. ¶¶ 2-32). In the Complaint, Lewis asserted a civil rights claim under 42 U.S.C. § 1983 and state law claims of negligence, negligence supervision, negligence per se, negligent infliction of emotional distress, assault, battery, and intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 57-96).

Subsequently, January 2, 2018, Lewis filed the Amended Complaint in Jefferson Circuit Court in which he named eight additional corrections officers as Defendants. (Am. Comp. ¶¶ 3-

10, DN 1-1). Lewis also reasserted his causes of action against those new Defendants. (Am. Compl. ¶¶ 1-2).

On February 5, 2018, Defendants removed the lawsuit to this Court. (Notice Removal, DN 1). Subsequently, on September 3, 2019, Lewis moved for leave to file a Second Amended Complaint, which the Court granted on November 7, 2019. (Pl.'s Mot. Leave File Second Am. Compl., DN 21; Order, DN 23). In the Second Amended Complaint, Lewis dropped claims against some individual Defendants but also named an additional eleven corrections officers as Defendants: Brandon Bolton, James Cox, Jimmy Crawford, Jeffrey Edens, Ashley Harris, Timothy Huber, Richard Longoria, Andrew McCullough, Carlos Montano, Ella Thomas, and Carl Williams (collectively "Individual Defendants"). (Second Am. Compl. ¶¶ 19-26, 29-31, DN 24). The Second Amended Complaint asserted the same original causes of action against Individual Defendants. (Second Am. Compl. ¶¶ 1-2).

Louisville Metro and Individual Defendants moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. Dismiss, DN 27). Individual Defendants contend that Lewis' claims are time barred because the claims asserted against them in the Second Amended Complaint do not relate back to the original Complaint. (Defs.' Mem. Supp. Mot. Dismiss 3-7, DN 27-1). Louisville Metro also argues that LDMC should be dismissed because it is not a proper party, that Lewis failed to state a *Monell* claim, and that Lewis' state law claims against Louisville Metro are barred by the doctrine of sovereign immunity. (Defs.' Mem. Supp. Mot. Dismiss 7-11).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a Rule 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

## IV. DISCUSSION

### A. Statute of Limitations

Individual Defendants move to dismiss Lewis' claims as time barred. (Defs.' Mem. Supp. Mot. Dismiss 3-7). As the Sixth Circuit has noted:

> "Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." And that is because a plaintiff has no obligation under Rule 8 to plead compliance with the statute of limitations. Instead, the burden of pleading, and proving, [an] affirmative defense . . . rests with the defendant.

*Michalak v. LVNV Funding, LLC*, 604 F. App'x 492, 493 (internal citations omitted) (citing Fed. R. Civ. P. 8(c)(1)).

### 1. *Federal Claims*

Individual Defendants move to dismiss Lewis' Section 1983 claim based on the statute of limitations. Because Congress did not impose a statute of limitations for Section 1983 claims, federal courts look to the state's personal injury statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990). Under Kentucky law, that limitations period is one year. *See id.* at 181-82 (discussing the application of KRS 413.140(1)).

In contrast, federal law determines *when* the statute of limitation accrues. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (internal citation omitted) (citing *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986)). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier*, 742 F.2d at 273). "In applying a discovery accrual rule . . . discovery of the injury, not discovery of the other elements of the claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Thus, "[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (quoting *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)).

Lewis argues that the statute of limitations should be equitably tolled due to the incomplete responses provided by LMDC to his Open Records requests. (Pl.'s Resp. Defs.' Mot. Dismiss 12-14, DN 32). Equitable tolling allows a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (internal quotation marks omitted) (citation omitted). To determine whether equitable tolling is available to a plaintiff, a court considers five factors:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [his] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id*. at 719 (citation omitted). Not all of these considerations may be material in every case, nor is the list exhaustive. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). Equitable tolling is necessarily a case-by-case determination. *See id*. (citation omitted). The plaintiff carries the burden of establishing his entitlement to equitable tolling. *See Jackson*, 751 F.3d at 718-19 (citation omitted).

As noted in Lewis' response, he made efforts to try to identify the LMDC employees working at the time of the attacks by making multiple Open Records requests in October and December 2017, prior to the expiration of the statute of limitations. (Pl.'s Resp. Defs.' Mot. Dismiss 6-7). There are factual issues that cannot be resolved at this stage as to the accuracy of responses provided by the LDMC/Louisville Metro to the Open Records requests. Nevertheless, it appears that Lewis was diligently attempting to determine the proper defendants to this action and that there is a colorable argument that Lewis' efforts were thwarted by the incomplete or inaccurate responses provided to his Open Records requests. Accordingly, the Court will deny the

motion to dismiss as the federal claims due to equitable tolling.[1]  *See B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 644 (W.D. Ky. 2019) (denying a motion to dismiss when there were issues of fact regarding the applicability of equitable tolling).

2. *State Claims*

Defendants contend that the Court should dismiss Lewis' state law claims against Individual Defendants as untimely due to a one-year statute of limitations under Kentucky law. (Def.'s Mem. Supp. Mot. Dismiss 3-7).  Summarizing Kentucky law, this Court has explained:

> "[T]he discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered."  "[T]he discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries."  "A person who has knowledge of an injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor."

*Jeffries v. Thermal Fischer Sci.*, No. 1:07CV-192-JHM, 2009 WL 3807103, at *3 (W.D. Ky. Nov. 12, 2009) (alteration in original) (internal citations omitted) (citation omitted).

Like federal law, however, Kentucky law recognizes equitable tolling.  "Equitable tolling pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).  For equitable tolling to apply, a plaintiff must prove that: "(1) [he] 'has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way." *Id.* at 194 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

---

[1] While Lewis also argues that his claims against New Defendants relate back pursuant to Fed. R. Civ. P. 15(c), it is unnecessary to address this argument if the statute of limitations is equitably tolled.  (Pl.'s Resp. Defs.' Mot. Dismiss 14-16).

As with Lewis' federal claims, it appears that he was diligently attempting to identify the proper defendants allegedly responsible for his injuries. Because of the incomplete or inaccurate responses to his Open Records requests, he was not otherwise able to identify Individual Defendants prior to the expiration of the statute of limitations. While Individual Defendants would dispute the sufficiency of Lewis' efforts to identify them, that factual dispute makes it inappropriate for the Court to dismiss the state law claims at this time. The motion will be denied on this basis.

### B.     Proper Party

Defendants also move to dismiss the claims asserted against the LDMC as an improper party. (Defs.' Mem. Supp. Mot. Dismiss 7-8). The real party in interest, however, is Louisville Metro, which is already a party to this action, and LMDC "is not an entity subject to suit under [Section] 1983." *Splunge v. Louisville Dep't of Corr.*, No. 3:15-CV-P783-GNS, 2016 WL 715763, at *2 (W.D. Ky. Feb. 22, 2016) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Whitehead v. Schwartz*, No. 3:18CV-00311-JHM, 2019 WL 2518457, at *1 (W.D. Ky. June 18, 2019) (citing *Splunge*, 2016 WL 715763, at *2). Accordingly, LDMC will be dismissed as a party to this action.

### C.     *Monell* Claim

Louisville Metro also challenges the sufficiency of the allegations by Lewis seeking to impose liability on it for the actions of its employees under Section 1983. (Defs.' Mem. Supp. Mot. Dismiss 8-9). When a Section 1983 claim is made against a municipality, this Court must analyze two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [municipality] is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) (citations omitted).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant, Lewis has not alleged that a policy or custom caused the Louisville Metro employees' actions or inactions in this case. Rather, he only alleges "[t]hat the deliberate indifference of the LMDC Defendants elevated their commissions and/or omissions to the level of custom and/or policy of Louisville Metro and LMDC . . . ." (Compl. ¶ 94). This scant allegation, however, is simply insufficient. *See, e.g.*, *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) ("A plaintiff can make a showing of an illegal policy or custom by demonstrating . . . the existence of a custom of tolerance or acquiescence of federal rights violations." (citation omitted)). Lewis has not provided any factual basis concerning any Louisville Metro custom or policy, that any applicable policy is illegal, or that there is a policy of inadequate training, supervision, etc. *See Wallace v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:13CV-1053-S, 2014 WL 29593, at *2 (W.D. Ky. Jan. 3, 2014) ("[T]he mere allegation that an injury occurred at the hands of police

officers does not *ipso facto* state a claim against the municipality employing them."). Because Lewis has failed to sufficiently plead a claim against Louisville Metro, the motion will be granted on this basis.

### D.  State Law/Sovereign Immunity

Finally, Louisville Metro seeks dismissal of any state law claims asserted against it based on the doctrine of sovereign immunity. (Defs.' Mem. Supp. Mot. Dismiss 9-11). As Lewis notes in his response, however, he has not asserted any state law claims against Louisville Metro. (Pl.'s Resp. Defs.' Mot. Dismiss 22-23). Accordingly, the motion will be denied on this basis.

### V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 27) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against Defendant Louisville Department of Corrections and Defendant Louisville/Jefferson County Metro Government are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

October 30, 2020

cc:     counsel of record